UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2024
```

| | |
|---|---|
| MANGO HEDGE FUND LIMITED PARTNERSHIP, and RIMON HEDGE FUNDS LTD, <br><br>         Plaintiffs, <br><br>     -v.- <br><br> PRAXIS DIGITAL TRADING GROUP, LLC, <br><br>         Defendant. | 24 Civ. 8182 (JHR) <br><br> ORDER |

JENNIFER H. REARDEN, District Judge:

On October 17, 2024, Plaintiffs Mango Hedge Fund Limited Partnership ("Mango") and

Rimon Hedge Funds Ltd. ("Rimon") filed their Complaint in the Supreme Court of New York,

County of New York. *See* ECF No. 1-1. Defendant Praxis Digital Trading Group, LLC

("Praxis") removed the case to this Court on October 28, 2024. *See* ECF No. 1. The Notice of

Removal (the "Notice") invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

*See id*. at 1.

The Notice alleges that Praxis "is a limited liability company . . . [whose] sole member is

OGFX Group, a[nother] limited liability company . . . [whose] sole members are Michael

Brescia, a citizen of California[,] . . . and Lawrence McGonegal, a citizen of Connecticut"—both

of whom "do[] not reside in Israel." *Id*. at 4. Thus, the Notice identifies "Praxis [a]s a citizen of

. . . Connecticut and California." *Id*. (citing *Quantlab Fin., LLC v. Tower Research Capital,*

*LLC*, 715 F.Supp.2d 542, 547 (S.D.N.Y. 2010) (holding that citizenship of a limited liability

company "depends on the citizenship of all its members")).

According to the Notice, Rimon is an Israeli citizen because it "is a limited company

organized under the law of Israel with a principal place of business . . . [in] Israel." *See id*. at 3.

The Notice does not address, however, "whether as an [Israeli limited company] [Rimon] is

structured or organized as an equivalent to either a corporation or a limited liability company under United States law." *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 3:13 Civ. 93 (CSH), 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013).

The Notice identifies Mango, a limited partnership, as an Israeli citizen because "Rimon is [its] general partner" and, "[u]pon information and belief, the sole limited partner in Mango is Michal Haya Adlersberg, an Israeli citizen." ECF No. 1 at 3–4; *see Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) ("For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners."). Regarding Adlersberg, such "conclusory statements with respect to any party's citizenship will not suffice" "[i]n assessing diversity." *Devone v. Finley*, No. 3:13 Civ. 377 (CSH), 2013 WL 3243136, at *2 (D. Conn. June 26, 2013) (deeming allegation that Defendant is "a citizen of the State of Georgia" insufficient for diversity purposes). The Notice also fails to address whether Adlersberg is a dual citizen of the United States domiciled abroad. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("[A] suit by or against United States citizens domiciled abroad may not be premised on diversity.").

Federal Rule of Civil Procedure 7.1 ("Rule 7.1"), as amended in 2022, provides as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). This amendment was adopted, in part, because of the burden imposed by "noncorporate entities that sue or are sued as an entity." Fed. R. Civ. P. 7.1 advisory

committee's note to 2022 amendment.  Specifically, "[a] party suing an LLC may not have all the information it needs to plead the LLC's citizenship.  The same difficulty may arise with respect to other forms of noncorporate entities, some of them familiar—such as partnerships and limited partnerships—and some of them more exotic . . . ."  *Id*.  Rule 7.1 addresses this burden by requiring "[d]isclosure . . . by a plaintiff as well as all other parties."  *Id*.; *see, e.g.*, *Del Mar TIC I LLC v. Bancorp Bank*, 23 Civ. 8999 (JLR), 2023 U.S. Dist. LEXIS 188467, at *1 (S.D.N.Y. Oct. 16, 2023) (ordering Plaintiffs to file Rule 7.1 disclose statements where Defendant had already filed its own); *Kin v. Matte Projects LLC*, No. 21 Civ. 9317 (LTS), 2023 U.S. Dist. LEXIS 76438, at *2 (S.D.N.Y. May 2, 2023) (ordering Plaintiff and Defendant to file Rule 7.1 disclosure statements).

Here, Defendant filed a Rule 7.1 disclosure statement.  *See* ECF No. 3.  Plaintiffs have not done so.  IT IS HEREBY ORDERED that, by **November 22, 2024**, Plaintiffs shall file completed Rule 7.1 disclosure statements that "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party" as of the time of commencement of the state court action and of removal.  Fed. R. Civ. P. 7.1(a)(2).

SO ORDERED.

Dated: November 15, 2024
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge